IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GARMAN INVESTMENTS LLP, | § | |
| | § | |
| vs. | § | Civil Action No. 4:17-mc-2618 |
| | § | |
| ARCH SPECIALTY INSURANCE | § | |
| COMPANY and MELANIE LABRIE | § | |
| | § | |

## NOTICE OF REMOVAL

Defendants Arch Specialty Insurance Company ("Arch") and Melanie Labrie ("Labrie") notice the removal of this suit from the County Court at Law Number 5 in Hidalgo County, Texas (the "State Court Case") to the to the Southern District of Texas, McAllen Division.

### I.   FACTS

1.   Plaintiff filed suit in the State Court Case on August 31, 2017 as a result of disputes regarding a claim made under its commercial insurance policy wherein Plaintiff contends it suffered property damage from a storm that struck Hidalgo County, Texas.  Plaintiff alleges that Defendant Arch breached its insurance contract with Plaintiff by "wrongfully denying and/or underpaying the claim . . . ." Petition at ¶15.  Plaintiff also alleges that Arch violated the provisions of Chapter 542 of the Texas Insurance Code.  Plaintiff alleges that "Defendants" Arch and Labrie, an independent adjuster, violated provisions of Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act by making the following generic misrepresentations:

- Misrepresenting the terms and/or benefits of the policy (Petition at ¶19)

- Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issues (Petition at ¶20)

- Making an untrue statement of fact (Petition at ¶21)

- Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made (Petition at ¶21)

- Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact (Petition at ¶21)

- Failing to disclose a matter required by law to be disclosed (Petition at ¶21)

- Representing that the policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law (Petition at ¶30).

2. Plaintiff served Arch through the Texas Commissioner of Insurance, which received a copy of Plaintiff's Original Petition and citation on September 8, 2017, forwarded the documents to Arch on September 22, 2017, and was received by Arch on September 26, 2017. Plaintiff served Labrie on September 13, 2017.

3. The United States District Courts have jurisdiction over this cause because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §1332.

4. Complete diversity exists between Plaintiff and Defendant Arch. Plaintiff is a Texas limited liability partnership. Petition at ¶1. Arch is a Missouri corporation with its principal place of business in New Jersey.

5. Defendant Labrie is a resident of Texas and has been improperly joined to defeat diversity. There is no possibility that Plaintiff will be able to establish a cause of action against Defendant Labrie in state court.

6. This case also satisfies the $75,000 minimum amount in controversy requirement for jurisdiction because Plaintiff seeks "monetary relief over $200,000.00 but not more than $1,000,000.00 . . . ." Petition at ¶5.

7. Consequently, this cause must be removed to the Southern District of Texas, McAllen Division.

## II.    PROCEDURAL REQUIREMENTS FOR REMOVAL

8. Plaintiffs' Original Petition was filed on August 31, 2017. Defendants were served with the Petition on September 8 and 13, 2017. This Notice of Removal is timely filed, under 28 U.S.C. §1446(b), within thirty days of receipt of the initial pleading setting forth a claim for relief. *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1328-29 (1999).

9. The state court has not signed any orders in this case.

10. Pursuant to Local Rule 81 and 28 U.S.C. §1446(a), Defendants have attached the following documents:

    (1) an index of matters being filed, attached as Exhibit "1";

    (2) all pleadings asserting causes of action, along with all other documents included in the state court file, attached as Exhibit "2";

    (3) a list of all counsel of record, including addresses, telephone numbers, and parties represented, attached as Exhibit "3"; and

    (4) State court docket sheet, attached as Exhibit "4."

11. No executed processes have been filed with the Hidalgo County Court, and no docket control order has been issued as of the date of this filing.

12.    Under 28 U.S.C. §1442(a), venue of the removed action is proper in this Court as this is the district where the state action is pending.

13.    Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d). Defendants will also promptly file a copy of this Notice of Removal with the Clerk of the County Court at Law Number 5, Hidalgo County, Texas where the action is currently pending, also pursuant to §1446(d).

### III.    DEFENDANT MELANIE LABRIE IS IMPROPERLY JOINED TO DEFEAT DIVERSITY

14.    The doctrine of improper joinder is an exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The doctrine allows federal courts to defend against attempts to manipulate jurisdiction, such as by joining non-diverse parties solely to deprive federal courts of jurisdiction. *Id*. at 576.

15.    The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and whether there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Id.* at 573. To assess "whether a plaintiff has a reasonable basis of recovery under state law[,]" the court may conduct a Federal Rule of Civil Procedure 12(b)(6) analysis. *Id.*

16.    Plaintiff's factual allegations against Defendant Labrie do not form the basis of an independent cause of action against her as opposed to the insurer. Rather, Plaintiff has filed suit against Labrie for the same reason it filed suit against Arch. It is unhappy that Arch denied payment and/or Arch allegedly underpaid under the terms of the insurance policy.

17. Texas law does not contemplate that adjusters like Labrie will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) (stating that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). As Judge Melinda Harmon of the Southern District of Texas, Houston Division noted, claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report [to the insurer], is insufficient to establish the possibility of a claim against him individually for violation of Texas Insurance Code Section 541.006(a), the DTPA, Business & Commerce Code Section 17.41 *et seq.*, and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Casualty Ins. Co.*, No. 4:10-cv-01846 (Memorandum Opinion dated January 20, 2011 at p. 38).

18. Texas courts have held that post-loss representations do not give rise to DTPA or Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1970); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014 at *8 (Tex. App.—Texarkana 2006, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1998, writ denied).

19. In this case, Plaintiff alleges that Labrie misrepresented that the damage to the property was not covered under the policy, that the damage was less extensive than Plaintiff contends, and that the damage was caused by factors that did not trigger coverage under the policy. *See* Petition at ¶¶25-38. Those statements do not give rise to liability against an adjuster like Labrie because they do not relate to the "coverage at issue." *Messersmith v. Nationwide*

*Mut. Fire. Ins. Co.*, 10 F. Supp.3d 721, 724 (N.D. Tex. 2014) (holding that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to the coverage at issue). "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Id.* Plaintiff does not allege that Labrie made representations about the details of the policy.

20. Plaintiff's claim that Labrie "failed in good faith to effectuate an equitable settlement of Plaintiff's claim . . ." is also not actionable. *See* Petition at ¶36. An adjuster cannot be liable under this section of Chapter 541 of the Texas Insurance Code because an adjuster "does not have settlement authority on behalf of the [insurer]." *Id.* "[His] sole role is to assess the damage." *Id.*

21. Finally, Plaintiff fails to allege any facts that would satisfy the reliance elements of its misrepresentation-based statutory claims. Plaintiff conclusorily states that it relied on Labrie's statements, but offers no facts or explanation for how it relied and how it could have suffered any damages resulting from any post-loss representations.

22. This Court should disregard Labrie's citizenship because she was improperly joined solely defeat diversity.

## **PRAYER**

Based on the foregoing, Defendants pray that this case be removed to the Southern District of Texas, McAllen Division, and for all other relief to which it may be entitled.

Respectfully submitted,

**GORDON & REES LLP**

By: */s/ Christopher M. Raney*
CHRISTOPHER M. RANEY
State Bar No. 24051228
Federal Bar No. 609101
craney@gordonrees.com
1900 West Loop South, Suite 1000
Houston, Texas 77027
(713) 961-3366 – Telephone
(713) 961-3938 – Facsimile

**ATTORNEY FOR DEFENDANTS**
**ARCH SPECIALTY INSURANCE COMPANY**
**and MELANIE LABRIE**

**COBB MARTINEZ WOODWARD PLLC**

By: */s/ Jeffrey I. Nicodemus*
DAVID R. WOODWARD
Texas Bar No. 21975650
JEFFREY I. NICODEMUS
State Bar No. 24007748
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200
(214) 220-5299
dwoodward@cobbmartinez.com
jnicodemus@cobbmartinez.com

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was duly served upon the following, via electronic filing, on October 6, 2017, as follows:

Douglas E. Pennebaker
Jose G. Gonzalez
Pennebaker Law Firm
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
***Counsel for Plaintiff***

                                        */s/ Christopher M. Raney*
                                        CHRISTOPHER M. RANEY