## Exhibit 2 to Notice of Removal

### CAUSE NO. CL-17-3653-E

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:     ARCH SPECIALTY INSURANCE COMPANY
        BY SERVING COMMISSIONER OF INSURANCE, TEXAS DEPARTMENT OF INSURANCE
        333 GUADALUPE STREET, AUSTIN TX 78701, WHO SHALL THEN SERVE
        ARCH INSURANCE GROUP, INC., 300 PLAZA THREE, JERSEY CITY, NJ 07311-1107

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #5 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 31st day of August, 2017 in this Cause Numbered CL-17-3653-E on the docket of said Court, and styled,

### GARMAN INVESTMENTS LLP
#### vs.
### ARCH SPECIALTY INSURANCE COMPANY; MELANIE LABRIE

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        DOUGLAS E. PENNEBAKER
        PENNEBAKER LAW FIRM
        1045 CHEEVER BLVD SUITE 103
        SAN ANTONIO TX 78217

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 5th day of September, 2017.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #5

BY _____ DEPUTY
SAMANTHA MARTINEZ

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
      Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

      Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true
copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the
following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____

    By: _____        By: _____
        CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
      Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but
to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    By; _____        By: _____
        CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return
is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the
penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 20____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

## CAUSE NO. CL-17-3653-E

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:     ARCH SPECIALTY INSURANCE COMPANY
        BY SERVING COMMISSIONER OF INSURANCE, TEXAS DEPARTMENT OF INSURANCE
        333 GUADALUPE STREET, AUSTIN TX 78701, WHO SHALL THEN SERVE
        ARCH INSURANCE GROUP, INC., 300 PLAZA THREE, JERSEY CITY, NJ 07311-1107

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #5 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 31st day of August, 2017 in this Cause Numbered CL-17-3653-E on the docket of said Court, and styled,

### GARMAN INVESTMENTS LLP
#### vs.
### ARCH SPECIALTY INSURANCE COMPANY; MELANIE LABRIE

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        DOUGLAS E. PENNEBAKER
        PENNEBAKER LAW FIRM
        1045 CHEEVER BLVD SUITE 103
        SAN ANTONIO TX 78217

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 5th day of September, 2017.



ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #5

BY _____ DEPUTY
        SAMANTHA MARTINEZ

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
       Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

       Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
       CIVIL PROCESS SERVER            DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
       Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE ___ _____ _____

By; _____ ____    By: _____
       CIVIL PROCESS SERVER          DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 20____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**
NO._____

| | | |
|---|---|---|
| GARMAN INVESTMENTS LLP | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NUMBER _____ |
| | § | |
| ARCH SPECIALTY INSURANCE | § | |
| COMPANY and MELANIE LABRIE | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**GARMAN INVESTMENTS LP**, Plaintiff herein, files this Original Petition against Defendants **ARCH SPECIALTY INSURANCE COMPANY** and **MELANIE LABRIE** and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Plaintiffs are Texas residents who conduct business in HIDALGO County, Texas. Said property is located at: **319 E. Coma, Hidalgo, Texas 78557.**

2. Defendant, **ARCH SPECIALTY INSURANCE COMPANY** is a surplus lines foreign corporation, authorized to engage in the insurance business in the State of Texas. This Defendant may be served by serving the **Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701**, WHO SHALL THEN SERVE **Arch Insurance Group Inc., 300 Plaza Three, Jersey City, NJ 07311-1107.** Service is requested by certified mail, return receipt requested at this time.

**Two Citations are hereby requested both containing the name**

**ARCH SPECIALTY INSURANCE COMPANY.**

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

3.      **MELANIE LABRIE** is a Texas resident who participated in adjusting Plaintiff's insurance claim, and she may be served via certified mail at **1015 Southern Hills Road, Kingwood, Texas 77339**. **Service by Certified Mail, Return Receipt Requested is hereby requested. (NOT BY REGISTERED MAIL).**

## II.
## DISCOVERY

4.      This case is intended to be governed by Discovery Level 3.

## III.
## CLAIM FOR RELIEF

5.      The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $200,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

7.     Venue is proper in HIDALGO County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.
## FACTUAL BACKGROUND

8.     Plaintiff is a named insured under a commercial property insurance policy issued by ARCH SPECIALTY INSURANCE COMPANY.

9.     On or about MAY 31, 2016, a storm hit the HIDALGO County area, damaging Plaintiff's commercial property.  Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     MELANIE LABRIE was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     MELANIE LABRIE's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, ARCH SPECIALTY INSURANCE COMPANY and MELANIE LABRIE performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract (ARCH SPECIALTY INSURANCE COMPANY Only)**

15.     ARCH SPECIALTY INSURANCE COMPANY had a contract of insurance with

3

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

Plaintiff. ARCH SPECIALTY INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute (ARCH SPECIALTY INSURANCE COMPANY Only)**

16.     The failure of ARCH SPECIALTY INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.     Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith/DTPA (ARCH SPECIALTY INSURANCE COMPANY, only)**

18.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendant violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendant violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

4

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

(4)     failing within a reasonable time to affirm or deny coverage of a claim to

Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation

with respect to the claim;

21.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not

misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent

person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

22.     At all material times hereto, Plaintiff was a consumer who purchased insurance

products and services from Defendant.

23.     Defendant has violated the Texas Deceptive Trade Practices Act in the

following respects:

(1)     Defendant represented that the agreement confers or involves rights, remedies,

or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Defendant failed to disclose information concerning goods or services

which was known at the time of the transaction when such failure to disclose such information was

intended to induce the consumer into a transaction that the consumer would not have entered into

had the information been disclosed;

(3)     Defendant, by accepting insurance premiums but refusing without a

reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course

5

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**C.      Bad Faith/DTPA (ARCH SPECIALTY INSURANCE COMPANY and MELANIE LABRIE)**

25.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

26.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

27.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

6

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

28.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

29.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

30.     Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     ARCH SPECIALTY INSURANCE COMPANY   failed   to   disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     ARCH SPECIALTY INSURANCE COMPANY, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, such as for repairs to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm,

7

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that ARCH SPECIALTY INSURANCE COMPANY took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

31.     Defendants knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

### D.     Actionable Conduct of Adjuster (MELANIE LABRIE)

32.     With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Defendant assigned an adjuster, Melanie Labrie (hereinafter, "Labrie"), to investigate Plaintiff's claim. Labrie conducted a sub-standard and outcome-oriented investigation intended to deprive Plaintiff of policy benefits and minimize Defendant's liability for damage.

33. Labrie inspected the property on or around January 5, 2015, and scoped covered storm damage to the air conditioner fins *only*. Labrie represented to Defendant Arch Specialty Insurance Company and to Plaintiff that the covered damage could be fully and properly repaired for a mere $306.25. This was false because the storm caused substantial damage to Plaintiff's property and the cost to repair the covered storm damage far exceeds Labrie's estimate of $306.25.

8

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

34. Labrie then retained a structural engineer that prides itself on catering to the insurance industry to provide an engineer's report favorable for Defendant, i.e., Teal Forensics. (See Teal Forensics, http://www.tealforensics.com (last visited Aug. 30, 2017) (explaining Teal Forensics' engineers work "primarily for insurance companies and law firms")). Teal Forensics inspected the loss on January 12, 2017. Unsurprisingly, Teal Forensics provided Labrie and Defendant with a report that mirrored Labrie's estimate and concluded the only covered damage to the property occurred to the HVAC units.

35. On March 2, 2017, Labrie sent Plaintiff a letter representing there was no covered damage to the property, other than the damage to the HVAC units. Labrie represented to Plaintiff that the interior water damage was repetitive and not due to a sudden and accidental leak. Labrie also advised Plaintiff the interior damages predated the storm even of May 31, 2016, even though Plaintiff's tenant advised Defendant the damage resulted from the May 31, 2016 storm. Labrie's representations were false because the May 31, 2016, storm caused substantial damage to Plaintiff's exterior and compromised the roof, thereby allowing water to damage the interior.

36. Labrie misrepresented the extent of covered damage and the cost to repair the covered damage to Plaintiff and Defendant. Labrie coordinated an outcome-oriented investigation by Teal Forensics that Labrie then used as a pretext to deny Plaintiff's claim. Labrie's misrepresentations caused Defendant to deny Plaintiff's claim. Labrie made these and other misrepresentations in Labrie's estimate and letter to Plaintiff. Labrie committed numerous violations of the Texas Insurance Code section 541 by making material misrepresentations to Plaintiff during the adjustment of the claim. Labrie also failed in good faith to effectuate an equitable settlement of Plaintiff's claim by hiring a biased engineer to conduct an outcome-oriented investigation and misrepresenting the scope of covered damages.

9

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

37. Labrie's misrepresentations regarding the cause of loss resulted in Defendant improperly denying Plaintiff's claim. Both Defendant-Arch Specialty and Plaintiff relied on Labrie's misrepresentations to their detriment. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. To date, Plaintiff's claim has not been properly paid in full. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

38. Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

**E.    Attorneys' Fees**

39.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

40.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX.
CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney,
presented the claim to Defendants, and Defendants did not tender the just amount owed before
the expiration of the 30th day after the claim was presented.

41.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in
prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152
542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

42.     All conditions precedent to Plaintiff's right to recover have been fully performed,
or have been waived by Defendants.

## VIII.
## DEMAND FOR JURY

43.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests
a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court
the statutory jury fee.

## IX.
## DISCOVERY REQUESTS

44.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after
service of this request, the information or material described in Rule 194.2(a)-(l).

45.     You are also requested to respond to the attached interrogatories, requests for
production and requests for disclosures within fifty (50) days, in accordance with the instructions
stated therein.

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

## X.
## MOTION TO COMPEL MEDIATION
## PURSUANT TO §541.161 OF THE TEXAS INSURANCE CODE

46. Plaintiff(s) are seeking relief pursuant to §541 and §542 of the Insurance Code. Therefore, pursuant to S 541.161, the Plaintiff(s) files this Motion to Compel Mediation. Section 541.161 specifically states that the Court shall, not later than the 30th day after the motion is filed, sign an Order setting the time and place of the mediation. The Court shall appoint a mediator if the parties do not agree. The mediation must be held not later than the 30th day after the Order is signed.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2880

By: _____

    DOUGLAS E. PENNEBAKER
    State Bar No. 00788178
    Lead counsel:  Doug@pennebakerlaw.com
ATTORNEY FOR PLAINTIFF
And,     JOSE G. GONZALEZ
    State Bar No. 24053234

13

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR DISCLOSURES

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Disclosures separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Disclosures on Plaintiff by and through his/her attorneys of record, Douglas E. Pennebaker, Pennebaker Law Firm, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Pennebaker Law Firm. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.    You know the response made was incorrect or incomplete when made; or

b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:

  1. Identify the document's title and general subject matter;

14

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

    2.  State its date;
    3.  Identify all persons who participated in its preparation;
    4.  Identify the persons for whom it was prepared or to whom it was sent;
    5.  State the nature of the privilege claimed; and
    6.  State in detail each and every fact upon which you base your claim for privilege.

D.    "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.    "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.    In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
    1.  His or her name;
    2.  His or her last known business and residence address and telephone number; and
    3.  His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.    If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.    "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.    "Property" means the property at issue in the lawsuit.

    J.    "Lawsuit" means this lawsuit.

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2880


By: _____
        DOUGLAS E. PENNEBAKER
        State Bar No. 00788178
        Lead counsel:  Doug@pennebakerlaw.com
ATTORNEY FOR PLAINTIFF
And,    JOSE G. GONZALEZ
        State Bar No. 24053234

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

## INTERROGATORIES TO DEFENDANT
## ARCH SPECIALTY INSURANCE COMPANY

1.    Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

ANSWER:

2.    Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

ANSWER:

3.    Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

ANSWER:

4.    Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

ANSWER:

5.    Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

ANSWER:

6.    At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

ANSWER:

7.    Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

8.    Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9.    Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10.   To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11.   State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12.   Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13.   To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

16.  To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

ANSWER:

17.  State the date Defendant first anticipated litigation.

ANSWER:

18.  State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

ANSWER:

19.  Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the commercial building at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

ANSWER:

20.  Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

ANSWER:

21.  Give the name, address and telephone number of all persons making a claim with you for property damage for the same MAY 31, 2016 as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured commercial property.

ANSWER:

22.  List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the MAY 31, 2016 at issue to date.

ANSWER:

23.  Please identify the number of weather-related insurance claims Defendant assigned to the following parties from from May 31, 2012 until the present:
     a. Teal Forensics;
     b. Engle Martin & Associates; and
     c. Melanie Labrie.

ANSWER:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

24. Please identify any and all amounts paid to the following parties in the past five (5) years for work on assigned storm-related projects, cases, and/or files. This includes any and all storm-related adjusting activities.

    a. Teal Forensics;
    b. Engle Martin & Associates; and
    c. Melanie Labrie.

    <u>ANSWER:</u>

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

## REQUESTS FOR PRODUCTION TO DEFENDANT
## ARCH SPECIALTY INSURANCE COMPANY

1.  The following insurance documents issued for the Property as identified in the Petition:
    a.  the policy at issue for the MAY 31, 2016 as identified in the Petition;
    and b.  the policy declarations page for the 3 years preceding the storm.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

    RESPONSE:

21

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

8.     All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.     Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.    To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.    A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.    All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.    All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

14.   If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

      RESPONSE:

15.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

      RESPONSE:

16.   All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

      RESPONSE:

17.   All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

      RESPONSE:

18.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

      RESPONSE:

19.   All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

      RESPONSE:

20.   Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

      RESPONSE:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

21.   All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the MAY 31, 2016 claimed by Plaintiff(s).

RESPONSE:

22.   Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23.   For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24.   Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25.   All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.   All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30.   A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the MAY 31, 2016 at issue to date.

ANSWER:


31.   Please produce the 1099 of Melanie Labrie for any and all work billed to Arch Specialty Insurance Company for weather-related claim adjusting activities from May 31, 2012 to the present.

ANSWER:

32.   Please produce the 1099 of Teal Forensics for any and all work billed to Arch Specialty Insurance Company for weather-related claim investigations from May 31, 2012 to the present.

ANSWER:

33.   Please produce any and all deposition and/or trial transcripts of Melanie Labrie, Jeff Foster of Teal Forensics, and anyone from Engle Martin & Associates for any storm-related matter involving Arch Specialty Insurance Company for the past five (5) years.

ANSWER:


34.   Please produce the 1099 of Engle Martin & Associates for any and all work billed to Arch Specialty Insurance Company for weather-related claim adjusting activities from May 31, 2012 to the present.

ANSWER:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

## INTERROGATORIES TO DEFENDANT MELANIE LABRIE

1.   Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling storm claims arising out of the storm(s) at issue in this Lawsuit.  This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

     RESPONSE:


2.   Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

     RESPONSE:


3.   Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

     RESPONSE:


4.   Explain how you were compensated and by whom for your work on claims arising out of the storm(s) at issue in this Lawsuit., stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

     RESPONSE:


5.   State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

     RESPONSE:

26

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

6.     Identify the following dates:

      a.  The date you first obtained an adjuster license in the State of Texas;
      b.  The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
      c.  The date you were first assigned to claims arising out of the storm(s) at issue in this Lawsuit.;
      d.  The date you closed your file on the claim made the basis of this Lawsuit; and
      e.  The last date you worked on any claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:


7.     Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:

      a.  The name and job title of any person who inspected the Property with you;
      b.  The date of each inspection;
      c.  The purpose of each inspection;
      d.  The length of time of each inspection;
      e.  The equipment or tools used during each inspection;
      f.  The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
      g.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


8.     Following the inspection(s), did You engage in any additional communications (*e.g.*, telephone, in person, written communication) with Plaintiff(s)?  If yes, provide the following information:

      a.  the date of such communication(s);
      b.  the manner of such communication(s);
      c.  the person to whom You communicated;
      d.  the reason for the communication(s);
      e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
      f.  the general substance of the communication.

RESPONSE:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

9.    Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

      RESPONSE:

10.    For all damage observed at the Property or reflected in your scope notes and/or photographs, state what your believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

      RESPONSE:

11.    To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

      RESPONSE:

12.    Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

      RESPONSE:

13.    How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

      RESPONSE:

14.    Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

      RESPONSE:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

15. Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

    RESPONSE:


16. Identify all documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

    RESPONSE:


17. To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

    RESPONSE:


18. Identify and describe any training, guidance or instruction provided to you by any person and/or entity regarding the handling of claims arising out of the storm(s) at issue in this Lawsuit.

    RESPONSE:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

## REQUESTS FOR PRODUCTION TO DEFENDANT
## MELANIE LABRIE

1.　All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

　　RESPONSE:


2.　All licenses or certifications that are identified in response to Interrogatory Number 3.

　　RESPONSE:


3.　All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

　　RESPONSE:


4.　All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the storm(s) at issue in this Lawsuit..

　　RESPONSE:


5.　All resumes for the last five (5) years.

　　RESPONSE:


6.　All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the storm(s) at issue in this Lawsuit.

　　RESPONSE:


7.　All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

　　RESPONSE:

30

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

8.  To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past two (2) years.

    RESPONSE:

9.  To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial owners property claim in the State of Texas for the past two (2) years.

    RESPONSE:

10. All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

    RESPONSE:

11. All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

    RESPONSE:

12. All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

    RESPONSE:

13. All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the storm(s) at issue in this Lawsuit.

    RESPONSE:

14. All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the storm(s) at issue in this Lawsuit.

    RESPONSE:

31

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

**CL-17-3653-E**

15.   All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

16.   All price lists used by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.  To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

17.   All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

18.   All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANTS

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a) the correct names of the parties to the lawsuits;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual basis of Plaintiff's claims;

(d) the amount and any method of calculating economic damages;

(e) the names, addresses (work and home), and telephone numbers (work and home) of persons having knowledge of relevant facts, with a brief statement of each person's connection with the case as required by Rule 194.2(e). Please answer to the full extent authorized by the rule while including the names of:

    1) any consulting experts who have firsthand knowledge of the facts of the case or who have knowledge of facts about the case that were not obtained in preparation for trial or in anticipation of litigation.

(f) You are requested to disclose the information about testifying experts as required by Rule 194.2(f). A complete answer will include a list of all witness fees paid by you to each expert within the last five years. Please answer to the full extent authorized by the rule while including the following information:

    (1) For retained experts:

        (a) The expert's name, address, and telephone number.

        (b) The subject matter on which the retained expert will testify.

        (c) The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them.

        (d) All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony.

        (e) The expert's current résumé and bibliography. The résumé should include a list of all other cases in which the expert has testified as an expert at trial or by deposition within the last four years.

    (2) For nonretained testifying experts:

        (a) The expert's name, address, and telephone number.

        (b) The subject matter on which the expert will testify.

        (c) Either the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or documents reflecting such information.

    (3) For consulting experts whose work was reviewed by a testifying expert, the same information as for retained testifying experts, as outlined above in 1.

(g) any indemnity or insuring agreements;

(h) any settlement agreements, described in Rule 192.3(g);

(i) You are requested to disclose a list of all discoverable witness statements as required by Rule 194.2(i). Please answer to the full extent authorized by the rule while including in your response the names of all witnesses who have given written statements or made oral statements that were recorded about the facts of the case to you or your agents, employees, representatives, insurance company's representatives, and attorneys. The only witness statement you are permitted to withhold is a witness

33

Electronically Submitted
8/31/2017 8:00 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CL-17-3653-E

statement made by Defendant and taken by Defendant's attorney, which is privileged under Texas Rule of Evidence 503. Attach to your response all the witness statements listed in your response to this request;

(j)   all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)   all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

**I.**

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

**II.**

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce

responsive documents to the Pennebaker Law Firm, a Professional Corporation, 1045 Cheever

Blvd., Suite 103, San Antonio, Texas  78217.

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2880

By: _____
        DOUGLAS E. PENNEBAKER
        State Bar No. 00788178
        Lead counsel:  Doug@pennebakerlaw.com
ATTORNEY FOR PLAINTIFF
                And
        JOSE G. GONZALEZ
        State Bar No. 24053234

34

CAUSE NO. CL-17-3653-E

| | | |
|---|---|---|
| GARMAN INVESTMENTS LLP, | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NUMBER 5 |
| | § | |
| ARCH SPECIALTY INSURANCE | § | |
| COMPANY and MELANIE LABRIE | § | |
| | § | HIDALGO COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Arch Specialty Insurance Company and Melanie Labrie file their Original Answer to Plaintiff's Original Petition, and would show:

## GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendants deny each and every, all and singular, material allegations contained in Plaintiff's Original Petition, and any supplements or amendments thereto, and demand strict proof of each and every allegation by a preponderance of the evidence.

## REQUEST FOR DISCLOSURE

2.      Defendants hereby request that Plaintiff respond so as to provide the information required by Rule 194.2 of the Texas Rules of Civil Procedure within thirty (30) days.

## PRAYER

Defendants Arch Specialty Insurance Company and Melanie Labrie pray that the court, after notice and hearing or trial, enter judgment in favor of Defendants, award Defendants the costs of court, attorneys' fees, and such other and further relief as Defendants may be entitled to in law or in equity.

Respectfully submitted,

**GORDON & REES LLP**

By:     */s/ Christopher M. Raney*
      CHRISTOPHER M. RANEY
      State Bar No. 24051228
      craney@gordonrees.com
      1900 West Loop South, Suite 1000
      Houston, Texas 77027
      (713) 961-3366 – Telephone
      (713) 961-3938 – Facsimile

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was duly served upon the following, via electronic filing, on this the 2nd day of October, 2017, as follows:

*Via Email:*
Douglas E. Pennebaker
Jose G. Gonzalez
Pennebaker Law Firm
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
*Counsel for Plaintiff*

                              */s/ Christopher M. Raney*
                              CHRISTOPHER M. RANEY

Electronically Subm
10/2/2017 4:0∙
Hidalgo County Clerks C
Accepted by: Norma Ha

### CAUSE NUMBER CL-17-3653-E

| | | |
|---|---|---|
| **GARMAN INVESTMENTS LLP,** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **AT LAW NUMBER 5** |
| **vs.** | § | |
| | § | |
| **ARCH   SPECIALTY   INSURANCE** | § | |
| **COMPANY and MELANIE LABRIE,** | § | |
| | § | |
| **Defendants** | § | **HIDALGO COUNTY, TEXAS** |

### DEFENDANT MELANIE LABRIE'S ORIGINAL ANSWER

COMES NOW, MELANIE LABRIE ("Defendant") and files this her Original Answer, and shows the following:

### I.
### GENERAL DENIAL

Defendant generally denies Plaintiff's allegations as authorized by Texas Rules of Civil Procedure.   Defendant demands that Plaintiff be required to prove the claims against it in accordance with the burdens of proof made applicable by law.

### II.
### PRAYER

**WHEREFORE,   PREMISES   CONSIDERED**, Defendant MELANIE LABRIE respectfully requests that Plaintiff take nothing by this suit, that Defendant recover her costs and attorneys' fees, and for such other and further relief to which Defendant may be justly entitled.

---

Electronically Subm
10/2/2017 4:0(
Hidalgo County Clerks C
Accepted by: Norma Ha

Respectfully submitted,

**COBB MARTINEZ WOODWARD** PLLC


By: _____*/s/ David R. Woodward*_____
      **DAVID R. WOODWARD**
      Texas Bar No. 21975650

      **JEFFREY I. NICODEMUS**
      Texas Bar No. 24007748

      1700 Pacific Avenue, Suite 3100
      Dallas, TX 75201
      (214) 220-5200
      (214) 220-5299 (Fax)
      *dwoodward@cobbmartinez.com*
      *jnicodemus@cobbmartinez.com*

      ATTORNEYS FOR DEFENDANT
      MELANIE LABRIE

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record via e-service on this 2nd day of October, 2017.

Douglas E. Pennebaker
PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
210.562.2880 F
doug@pennebakerlaw.com
*COUNSEL FOR PLAINTIFF*


        _____*/s/ Jeffrey I. Nicodemus*_____
        **JEFFREY I. NICODEMUS**